Decided Aug. 21, 2002.

**Garik OSEPIAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71599.

INS No. A29–199–688.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 16, 2002 *.

Decided Aug. 21, 2002.

Before THOMAS and RAWLINSON, Circuit Judges, and ARMSTRONG, District Judge.*

Before HALL, KOZINSKI, and McKEOWN, Circuit Judges.

MEMORANDUM **

Petitioner Garik Osepian petitions for review of an order issued by the Board of Immigration Appeals ("BIA") on August 31, 2001, denying as untimely his motion to reopen his deportation proceeding. Osepian also seeks to challenge an earlier Feb-

---

* The Honorable Saundra Brown Armstrong, United States District Judge in and for the Northern District of California, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ruary 20, 2001 BIA decision. Because the parties are familiar with the facts of the case, we recount them here only to the extent necessary to explain our rulings.

I. August 31, 2001 Order

Osepian claims that his motion to reopen to apply for suspension of deportation pursuant to Section 203 the Nicaraguan Adjustment and Central American Relief Act, Pub.L. No. 105–100, 111 Stat. 2193 (1997), *amended by* Pub.L. No. 105–139, 111 Stat. 2644 (1997) ("NACARA"), was timely because the Legal Immigration Family Equity Act, Pub.L. No. 106–553, 114 Stat. 2762 (2000) (the "LIFE Act"), and the Life Act Amendments of 2000, Pub.L. No. 106–554, 114 Stat. 2763 (2000) ("LIFE Act Amendments"), extended the generally applicable September 11, 1998 deadline for the filing of such motions. This claim is without merit.

The LIFE Act itself does not address NACARA § 203 or suspension of deportation. While the LIFE Act Amendments do modify NACARA § 203 with reference to suspension of deportation, they do so only in a limited way not applicable to Osepian. The LIFE Act Amendments provide that the reinstatement of removal orders generally imposed by 8 U.S.C. § 1231(a)(5) on aliens who reenter the country illegally does not apply to applicants for suspension of deportation or cancellation of removal under NACARA § 203. *See* LIFE Act Amendments § 1505(c). Aliens who benefitted from this amendment were permitted to file motions to reopen in order to apply for suspension of deportation until October 16, 2001. 8 C.F.R. § 3.43(f).

While Osepian argues that this extension applies to him, he has not been subject nor would be subject to reinstatement of a removal order under Section 1231(a)(5). Accordingly, he is not among the class of individuals as to whom the LIFE Act Amendments' extension of NACARA § 203's general September 11, 1998 filing deadline applies. *See* 8 C.F.R. § 3.43(c)(2) (an alien eligible to reopen proceedings under Section 1505(c) must establish that he "[w]as or would be ineligible, by operation of [8 U.S.C. § 1231(a)(5) ]" for suspension of deportation or cancellation of removal). Because Osepian did not file his motion to reopen until April 12, 2001, the BIA correctly determined that it was untimely.

II. February 20, 2001 Order

The only petition for review filed by Osepian was with respect to the BIA's August 31, 2001 order. We lack jurisdiction to consider Osepian's arguments made with reference to the February 20, 2001 order, because Osepian failed to file a timely petition for review of it. *Stone v. INS*, 514 U.S. 386, 393–95, 406, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996).

PETITION DENIED.